UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EMMANUEL PACQUIAO,

        Plaintiff,

 v.

FLOYD MAYWEATHER, JR.; et al.,

        Defendants.

2:09-CV-2448-LRH-RJJ

ORDER

Before the court is plaintiff Emmanuel Pacquiao's ("Pacquiao") ex-parte motion for an order granting limited discovery and a modified briefing schedule filed on April 2, 2010. Doc. #28[1]. Defendants Richard Schaefer ("Schaefer") and Oscar de la Hoya ("de la Hoya") filed a response on April 6, 2010. Doc. #30. Thereafter, Pacquiao filed a reply on April 7, 2010. Doc. #31.

**I.    Facts and Background**

Plaintiff Pacquiao is a premier professional boxer. On March 17, 2010, Pacquiao filed an amended complaint against defendants alleging defamation based upon statements that Pacquiao uses performance enhancing drugs. Doc. #13.

On March 25, 2010, defendants Schaefer and de la Hoya filed a special motion to dismiss under NRS 41.660, Nevada's Anti-SLAPP statute. Doc. #15. Thereafter, Pacquiao filed the present

---

[1] Refers to the court's docket number.

1    motion for limited discovery in order to oppose the motion. Doc. #28.

2    **II.      Discussion**

3           Nevada's Anti-SLAPP statute, found at NRS § 41.635 *et seq.*, provides that a defendant

4    may file a special motion to dismiss within sixty days after service of the complaint.

5    NRS § 41.660(3)(a). If a special motion is filed, the court must treat the motion as one for summary

6    judgment and stay discovery pending a ruling on the motion. NRS § 41.660(3)(b). However, in

7    federal court, a plaintiff is entitled to seek limited discovery to oppose an anti-SLAPP motion. *See*

8    *e.g., Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 850 (9th Cir. 2001); *see also, Anderson v.*

9    *Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (a court is required to permit discovery where the

10   nonmoving party has not had the opportunity to discover information that is essential to its

11   opposition). Limited discovery is permitted when the plaintiff has "identified and requested

12   discovery of probative information solely available from the defendants." *Metabolife*, 264 F.3d at

13   850.

14          Here, Pacquiao seeks deposition testimony from the moving defendants as well as limited

15   document production relating to any statements about Pacquiao using performing enhancing drugs

16   directed at the Nevada Athletic Commission in order to oppose defendants' declarations and

17   motion. Doc. #28. The court has reviewed the papers and pleadings on filed in this matter and finds

18   that Pacquiao is entitled to limited discovery to oppose defendants' special Anti-SLAPP motion.

19          In support of their special motion, the moving defendants filed declarations stating that they

20   acted without malice and without knowledge of any statement's falsity. The court finds that

21   defendants' statements about their knowledge and reasoning is solely within their control. Without

22   contradictory evidence of defendants' mental state or knowledge, Pacquiao is unable to oppose

23   defendants' special anti-SLAPP motion. *See e.g., Metabolife*, 264 F.3d 832. Accordingly, the

24   court shall grant Pacquiao's motion to conduct limited discovery and extend the briefing schedule

25   for defendants' motion to dismiss.

26

**III.   Scope of Discovery**

Pacquiao has attached to his motion proposed notices of depositions for the moving defendants along with requests for the production of certain documents. *See* Doc. #28, Exhibits 5, 6, 7. The court has reviewed the proposed production requests and finds it necessary to outline the scope of Pacquiao's pre-opposition discovery.

Discovery is limited solely to those documents and issues relevant to opposing defendants' anti-SLAPP motion. Pacquiao is entitled to take the depositions of defendants Schaefer and de la Hoya, but questioning shall be limited to: (1) the issue of Pacquiao's alleged use of performance enhancing drugs; (2) any statements or communications made by the defendants, their agents or representatives in connection with that issue, including defendants' mental state, the circumstances and basis upon which any statements were made; and (3) knowledge of any statement's falsity.

Document production shall be limited solely to Pacquiao's alleged use of performance enhancing drugs and any related statements or communications made by defendants, their agents, or representatives. At this time, Pacquiao may not seek information or documents relating to de la Hoya's, or any other boxers, use of performance enhancing drugs.

IT IS THEREFORE ORDERED that plaintiff's motion for an order granting limited discovery and extending the briefing schedule (Doc. #28) is GRANTED. Plaintiff is granted leave to conduct discovery limited to the attached notices of depositions for defendants Richard Schaefer and Oscar de la Hoya (Doc. #28, Exhibit 5, 6) and the attached subpoena *duces tecum* for non-party Golden Boy Promotions, Inc. (Doc. #28, Exhibit 7) within the scope of discovery outlined by the court. Plaintiff's opposition to defendants' motion to dismiss is due on May 7, 2010.

IT IS SO ORDERED.

DATED this 9th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE