MALCOLM P. LaVERGNE (Nevada Bar No. 10121)
mlavergne@lavergnelaw.com
JONATHAN B. GOLDSMITH (Nevada Bar No. 11805)
jgoldsmith@lavergnelaw.com
THE LaVERGNE LAW GROUP
320 East Charleston Boulevard, Suite 203
Las Vegas, Nevada  89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorneys for Defendant Floyd Mayweather, Sr.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| EMMANUEL PACQUIAO, | Case No. 09-CV-02448-LRH-RJJ |
| Plaintiff, | **DEFENDANT FLOYD MAYWEATHER, SR.'s, ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| FLOYD MAYWEATHER, JR., FLOYD MAYWEATHER, SR., ROGER MAYWEATHER, MAYWEATHER PROMOTIONS LLC, RICHARD SCHAEFER, and OSCAR DE LA HOYA, | |
| Defendants. | |

COMES NOW, Defendant Floyd Mayweather, Sr. ("Defendant" or "Mayweather, Sr."), by and through his attorneys MALCOLM P. LaVERGNE, ESQ., and JONATHAN B. GOLDSMITH, ESQ., of THE LaVERGNE LAW GROUP, and for his Answer to Plaintiff's First Amended Complaint, alleges the following in response to the numbered paragraphs and sentences contained therein:

1.   Defendant denies each and every allegation contained in this paragraph.

/ / /

/ / /

/ / /

2. Defendant denies the allegations contained in the first sentence of this paragraph. To the extent that the second sentence alleges "[b]lessed with an unmatched combination of speed, power, skill, and guile, and fueled by an indefatigable work ethic …", Defendant denies the allegations contained therein. As to the remaining allegations contained in this paragraph, Defendant lacks knowledge and information sufficient to form a belief as to the allegations.

3. Defendant denies each and every allegation contained in this paragraph.

4. Defendant denies each and every allegation contained in this paragraph.

5. Defendant denies each and every allegation contained in this paragraph.

6. Defendant denies each and every allegation contained in this paragraph.

7. Defendant denies each and every allegation contained in this paragraph.

8. Defendant denies each and every allegation contained in this paragraph.

9. Defendant denies each and every allegation contained in this paragraph.

10. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

11. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

12. Defendant admits that he is an individual, as alleged in the first sentence of this paragraph. As to the remaining allegations in the first sentence of this paragraph, Defendant denies the allegations contained therein. Defendant admits the allegations contained in the second sentence of this paragraph solely for jurisdictional purposes.

13. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

14. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

15. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

16. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

17. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

18. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

19. Defendant denies the allegations contained in the first sentence of this paragraph. As to the remaining allegations (including bullet points) contained in this paragraph, Defendant lacks knowledge and information sufficient to form a belief as to the allegations.

20. Defendant denies each and every allegation contained in this paragraph.

21. Defendant denies the allegations contained in the first sentence of this paragraph. As to the remaining allegations contained in this paragraph, Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained therein.

22. To the extent that the first sentence in this paragraph alleges "Pacquiao is an icon in his native Philippines …", Defendant denies the allegations. As to the remaining allegations contained in this paragraph, Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained therein.

23. Defendant denies the allegations contained in the first sentence of this paragraph. As to the remaining allegations contained in this paragraph, Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained therein.

24. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

25. Defendant lacks knowledge and information sufficient to form a belief as to the allegations (including bullet points) contained in this paragraph.

26. Defendant denies each and every allegation contained in this paragraph.

27. Defendant denies each and every allegation contained in this paragraph.

28. Defendant admits to the allegations in the first and second sentences contained in this paragraph. Defendant denies the allegations contained in the third sentence contained in this paragraph. Defendants that he gave an interview with *The Grand Rapids Press*, as alleged in the fourth sentence of this paragraph. As to the remaining allegations contained in the fourth sentence of this paragraph, Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained therein. Defendant denies the allegations contained in the fifth sentence of this paragraph. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained the sixth sentence of this paragraph.

29. Defendant admits the first and second sentences contained in this paragraph. Defendant denies the allegations contained in the third sentence of this paragraph.

30. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

31. Defendant admits that he gave an interview to Martin Rogers, as alleged in this paragraph. As to the remaining allegations in this paragraph, Defendant denies the allegations contained therein.

32. Defendant admits to the allegations contained in the first sentence of this paragraph. Defendant denies the allegations contained in the second and third sentences of this paragraph.

33. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

34. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

35. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

36. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

37. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

38. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

39. To the extent that this paragraph is referencing Defendant Floyd Mayweather, Sr., Defendant Mayweather, Sr. denies each and every allegation contained within the paragraph. To the extent that this paragraph is referencing defendant Floyd Mayweather, Jr., Defendant Mayweather, Sr. lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

40. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

41. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

42. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph.

43. Defendant denies each and every allegation contained in this paragraph.

44. Defendant denies each and every allegation contained in this paragraph.

45. Defendant denies each and every allegation contained in this paragraph.

46. Defendant denies each and every allegation contained in this paragraph.

47. Defendant denies each and every allegation contained in this paragraph.

48. Defendant repeats and realleges each and allegation contained in paragraphs "1" through "47" as though fully set forth herein. Defendant further alleges:

49. Defendant denies each and every allegation contained in this paragraph.

50. Defendant denies each and every allegation contained in this paragraph.

51. Defendant denies each and every allegation contained in this paragraph.

52. Defendant denies each and every allegation contained in this paragraph.

53. Defendant denies each and every allegation contained in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's allegations in the Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages alleged in the First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendants have been caused to employ counsel to defend this action and, therefore, are entitled to reasonable attorney's fees.

### FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that all statements and comments by allegedly made by Defendant about Plaintiff were true and, thus, cannot be the basis for a defamation action.

### FIFTH AFFIRMATIVE DEFENSE

All statements and comments allegedly made by Defendant about Plaintiff were made by Defendant with good motive and were fair comments made as a citizen exercising his right of free speech, discussing matters of public importance, as a concerned citizen of the boxing community.

/ / /

SIXTH AFFIRMATIVE DEFENSE

The statements allegedly made by Defendant about Plaintiff were constitutionally privileged statements of opinion that are protected from claims of defamation, slander or libel.

SEVENTH AFFIRMATIVE DEFENSE

The statements allegedly made by Defendant about Plaintiff were made in good faith in furtherance of the right to petition and, thus, is immune from liability pursuant to Nevada Revised Statute § 41.650.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, a public figure, cannot prove actual malice regarding any statements allegedly made by Defendant about Plaintiff and, thus, his claims fail as a matter of law.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages – in both substance and procedure – is unconstitutional pursuant to both the State of Nevada and United States Constitutions.

TENTH AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint and, therefore, Defendants reserve the right to amend this answer to allege additional affirmative defenses if a subsequent discovery so warrants.

WHEREFORE, Defendant prays for a judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by way of his First Amended Complaint on file herein;

2. That Defendant be awarded reasonable attorney's fees and costs for the defense of this matter; and

/ / /

3. For any such further and additional relief as the Court may deem just and proper.

Dated this 17th day of May, 2010.

    /s/ Malcolm P. LaVergne
MALCOLM P. LAVERGNE
Nevada Bar No. 10121
JONATHAN B. GOLDSMITH
Nevada Bar No. 11805
THE LAVERGNE LAW GROUP
320 East Charleston Boulevard,
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorneys for Defendant Floyd Mayweather, Sr.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 38, Defendant Floyd Mayweather, Sr., demands a jury trial on all triable issues in this action.

Dated this 17th day of May, 2010.

    /s/ Malcolm P. LaVergne
MALCOLM P. LAVERGNE
Nevada Bar No. 10121
JONATHAN B. GOLDSMITH
Nevada Bar No. 11805
THE LAVERGNE LAW GROUP
320 East Charleston Boulevard,
Las Vegas, Nevada 89104
702.448.7981 / 702.966.3117 (Facsimile)
Attorneys for Defendant Floyd Mayweather, Sr.

/ / /

/ / /

/ / /

**CERTIFICATE OF SERVICE**

Malcolm P. LaVergne, Esq., attorney for Defendant Floyd Mayweather, Sr., hereby certifies that on 17th day of May, 2010, I served a copy of the Answer to Plaintiff's First Amended Complaint and Demand for Jury Trial through the Court's CM/ECF electronic filing system to the following:

Daniel Petrocelli (dpetrocelli@omm.com)
David Marroso (dmarroso@omm.com)
Franchesca V. Van Buren (fvanburen@lrlaw.com)
Eric D. Hone (ehone@lrlaw.com)
Jeffrey Spitz (jspitz@ggfirm.com)
Judd Burnstein (jburstein@burlaw.com)
Todd E. Kennedy (tkennedy@lionelsawyer.com)
Bertram Fields (bfields@ggfirm.com)

        /s/  Malcolm  P.  LaVergne
Malcolm P. LaVergne, Esq.