UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMMANUEL PACQUIAO, a Philippines resident,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FLOYD MAYWEATHER, JR.; et al.,<br><br>　　　　　　Defendants. | 2:09-cv-2448-LRH-RJJ<br><br>ORDER |

Before the court is plaintiff Emmanuel Pacquiao's ("Pacquiao") motion to strike portions of defendant Richard Schaefer ("Schaefer) and Oscar De La Hoya's ("De La Hoya") reply to their motion to dismiss. Doc. #73.[1] Defendants filed an opposition (Doc. #81) to which Pacquiao replied (Doc. #88).

**I.   Facts and Background**

On December 30, 2009, Pacquiao filed a complaint for defamation against several defendants in federal court. Doc. #1. In response, defendants Schaefer and De La Hoya filed a motion to dismiss (Doc. #15) to which Pacquiao filed an opposition (Doc. #52). Schaefer and De La Hoya filed a reply in which they allegedly raised new arguments and attached new evidence. Doc. #62. Thereafter, Pacquiao filed the present motion to strike the newly raised arguments

---

[1] Refers to the court's docket number.

1 concerning subject matter jurisdiction and newly proffered evidence, Exhibits C, D, E, and F. Doc.
2 #73.
3      On June 30, 2010, the court granted the parties' stipulation regarding Pacquiao's motion to
4 strike and severed the portion of the reply brief which raised new arguments concerning subject
5 matter jurisdiction, as well as Exhibits C and D relating to that issue. Doc. #78. Accordingly, the
6 only issues remaining before the court in the present motion are Exhibits E and F. *Id.*

7 **II.    Discussion**

8      Pacquiao moves to strike Exhibits E and F attached to defendants' reply arguing that it is
9 procedurally improper to attach evidence that was readily available at the time the initial motion to
10 dismiss was filed. *See* Doc. #73.

11      The court may strike a filing for "any redundant, immaterial, impertinent, or scandalous
12 matter." FED. R. CIV. P. 12(f). Further, to the extent that a party raises a new argument or proffers
13 new evidence and information in a reply brief, that argument or evidence is improper because the
14 opposing party is deprived of an opportunity to respond. *Tovar v. United States Postal Service*, 3
15 F.3d 1271, 1273 n.3 (9th Cir. 1993). Therefore, the court cannot consider new evidence provided in
16 a reply when the other party does not have an opportunity to respond to the evidence. *Provenz v.*
17 *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

18      Here, defendants argue that they submitted Exhibits E and F in response to arguments
19 raised in Pacquiao's opposition. Exhibit E is an August 11, 2009 press release relating to the sale
20 of tickets for a Pacquiao bout published on Vegasnews.com. Exhibit F is a December 23, 2009
21 article entitled "Arum Says Mayweather Can Go To Hell" written by Ronnie Nathanielsz and
22 published on Insidesport.ph.

23      Initially, the court finds that Exhibits E and F were relevant to the issues raised in the
24 motion to dismiss, namely whether Pacquiao was involved in another boxing match which would
25 require performance enhancing drug testing, and were available at the time defendants filed their
26

1  motion. Further, the court finds that defendants have not established that the evidence could have
2  only been provided in response to Pacquiao's opposition. Accordingly, Pacquiao's motion to strike
3  shall be granted as to Exhibits E and F. *See e.g., Provenz*, 102 F.3d at 1483 (reversing district
4  court's denial of motion to strike new evidence raised in reply).

6       IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #73) is GRANTED.
7       IT IS FURTHER ORDERED that the clerk of court shall strike Exhibits E and F attached
8  to defendants reply to their motion to dismiss (Doc. #62).
9       IT IS SO ORDERED.
10      DATED this 13th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3