UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EMMANUEL PACQUIAO, a Philippines resident,

    Plaintiff,

v.

FLOYD MAYWEATHER, JR.; et al.,

    Defendants.

2:09-cv-2448-LRH-RJJ

ORDER

Before the court is plaintiff Emmanuel Pacquiao's ("Pacquiao") motion to strike portions of defendant Mayweather Promotions, LLC ("Mayweather Promotions") reply to its motion to dismiss, or in the alternative, for leave to file a sur-reply. Doc. #97.[1] Mayweather Promotions filed an opposition (Doc. #99) to which Pacquiao replied (Doc. #100).

**I.  Facts and Background**

On December 30, 2009, Pacquiao filed a complaint for defamation against several defendants in federal court. Doc. #1. In response, defendant Mayweather Promotions filed a motion to dismiss (Doc. #49) to which Pacquiao filed an opposition (Doc. #90). Mayweather Promotions subsequently filed a reply in which they allegedly raised new arguments. Doc. #96. Thereafter, Pacquiao filed the present motion to strike the newly raised arguments. Doc. #73.

---

[1] Refers to the court's docket number.

**II.     Discussion**

The court may strike a filing for "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Further, to the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond. *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). Therefore, the court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Here, Mayweather Promotions argues that its reply only responds to new allegations against it raised in Pacquiao's opposition, and as such, these arguments should not be stricken from the reply. The court agrees. However, the court finds that based on the breadth of arguments raised in the reply, Pacquiao should be granted an opportunity to provide a brief response. *See Cedars-Sinai Medical Center v. Shalala*, 177 F.3d 1126, 1129 (9th Cir. 1999) (a court has the inherent authority to grant leave to a party to file a sur-reply when the information would be germane to the court's evaluation of a pending matter). Therefore, the court shall grant Pacquiao's motion with respect to filing a sur-reply.

IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #97) is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall file a brief sur-reply to defendant's motion to dismiss (Doc. #49) of no more than five (5) pages, within ten (10) days of entry of this order.

IT IS SO ORDERED.

DATED this 15th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE