UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EMMANUEL PACQUIAO, a Philippines resident,

    Plaintiff,

v.

FLOYD MAYWEATHER, JR.; et al.,

    Defendants.

2:09-cv-2448-LRH-RJJ

ORDER

    Before the court are plaintiff Emmanuel Pacquiao's ("Pacquiao") motion for default judgment (Doc. #131[1]); motion to dismiss counterclaims (Doc. #132); and motion for attorney's fees (Doc. #133) related to defendant Floyd Mayweather, Jr.'s ("Mayweather, Jr.") failure to attend his scheduled deposition.

**I.    Facts and Background**

    Plaintiff Pacquiao is a premier professional boxer from the Philippines. In mid-2009, Pacquiao and non-moving defendant Floyd Mayweather, Jr. ("Mayweather, Jr."), another premier professional boxer, entered into fight negotiations for a late 2009, Las Vegas, Nevada boxing match. Eventually, negotiations broke down between the parties and the fight was not scheduled.

    Subsequently, beginning in September 2009, Pacquiao alleges that Mayweather, Jr. stated

---

[1] Refers to the court's docket number.

publicly that Pacquiao has used, and is using, performance enhancing drugs ("PEDs"), including steroids and human growth hormone ("HGH"). On December 30, 2009, Pacquiao filed a complaint in federal court for defamation against Mayweather, Jr. Doc. #1.

During discovery, Pacquiao scheduled Mayweather, Jr.'s deposition. Mayweather, Jr. filed a motion for a protective order to preclude the deposition (Doc. #122) which was denied by the magistrate judge (Doc. #124) and affirmed by this court (Doc. #129). Despite the denial of his motion for a protective order, Mayweather, Jr. failed to attend his scheduled deposition. Thereafter, Pacquiao filed the present motions for various sanctions. Doc. ##131, 132, 133.

**II.   Discussion**

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part that the court, in its discretion, may issue sanctions against a party for that party's failure to attend a deposition. *See* FED. R. CIV. P. 37(b)(1) and (b)(2)(A). Here, it is undisputed that Mayweather, Jr. failed to attend his deposition even after he was ordered to appear by the court. Thus, the issue before the court is whether and what kind of sanctions are appropriate under this circumstance.

In his motions, Pacquiao contends that the appropriate sanctions are (1) dismissal of Mayweather, Jr.'s answer and counterclaims, (2) entering default judgment in favor of Pacquiao, (3) and awarding attorney's fees. *See* Doc. ##131, 132, 133.

In determining an appropriate sanction for failure to comply with a discovery order or attend a scheduled deposition, the court examines five factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to non-offending party; (4) the public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions. *See Leion v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). In reviewing these factors, the court makes two important findings. First, there has been no prior order from this court involving the issuance of sanctions against Mayweather, Jr. This is the first time the court is addressing Mayweather, Jr.'s failure to comply with a discovery request and

court order. As such, this factor weighs against Pacquiao's request for case ending sanctions because less severe sanctions are still available to the court to curb Mayweather, Jr.'s improper behavior. Second, the court finds that Pacquiao has failed to establish any prejudice that would result from not issuing such drastic sanctions. Discovery in this action has not concluded and will not conclude until early 2012, providing the parties another opportunity to schedule the deposition. Therefore, the court finds that Pacquiao's requested sanctions dismissing Mayweather, Jr.'s counterclaims and entering default judgment are inappropriate. However, any further failures by Mayweather, Jr. may invite such severe sanctions.

Notwithstanding the above, the court does find that monetary sanctions related to the cost of the deposition, as well as attorney's fees relating to that deposition and the present motion are appropriate in light of Mayweather, Jr.'s failure to comply with a court order and attend his deposition. Accordingly, the court shall grant Pacquiao ten (10) days to file a motion for attorney's fees that complies with LR 54-16.

IT IS THEREFORE ORDERED that plaintiff's motion for default judgment (Doc. #131) and motion to dismiss counterclaims (Doc. #132) are DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for attorney's fees (Doc. #133) is GRANTED. Plaintiff Emmanuel Pacquiao shall have ten (10) days from entry of this order to submit a motion for attorney's fees which complies with LR 54-16.

DATED this 18th day of October, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE