Mark G. Tratos (Bar No. 1086)
tratosm@gtlaw.com
Thomas F. Kummer (Bar No. 1200)
kummert@gtlaw.com
Donald L. Prunty (Bar No. 8230)
pruntyd@gtlaw.com
Laraine M.I. Burrell (Bar No. 8771)
burrelll@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Defendants*
*Floyd Mayweather, Jr. and*
*Mayweather Promotions, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EMMANUEL PACQUIAO,<br><br>Plaintiff,<br><br>v.<br><br>FLOYD MAYWEATHER, JR., FLOYD MAYWEATHER, SR., ROGER MAYWEATHER, MAYWEATHER PROMOTIONS LLC.<br><br>Defendants. | Case No. 2:09-CV-02448-LRH-RJJ<br><br>**DEFENDANT FLOYD MAYWEATHER, JR.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant Floyd Mayweather, Jr. ("Mayweather"), hereby opposes Plaintiff Emmanuel Pacquiao's ("Pacquiao") motion for attorneys' fees. This opposition is based upon the attached points and authorities, the Declaration of Mark G. Tratos, Esq., the pleadings and papers on file herein, and any oral argument this Court may allow.

. . .

. . .

. . .

. . .

. . .

DATED this 16th day of November, 2011.

GREENBERG TRAURIG, LLP

Mark G. Tratos (Bar No. 1086)
Thomas F. Kummer (Bar No. 1200)
Laraine M. I. Burrell (Bar No. 8771)
3773 Howard Hughes Pkwy, Suite 400 North
Las Vegas, NV 89169
Counsel for Defendants
Floyd Mayweather, Jr. and
Mayweather Promotions, LLC

## I. INTRODUCTION

Like Plaintiff's original motion, the instant motion for fees is heavy on theatrics, but light on case law. Plaintiff attempts to inflame the Court by rearguing his original motion, again exaggerating and misrepresenting Mr. Mayweather's behavior, hoping that rhetoric can take the place of precedent. As an objective look at the relevant case law reveals, however, Plaintiff cannot support his claim for over $93,000 in attorneys' fees. Such a number is an absurd request in light of (1) Plaintiff's failure to itemize his fees, (2) comparable attorney rates in this district; (3) the number of hours expended in light of the work performed, (4) Defendant's repeated efforts to mitigate Plaintiff's damages, and (5) Mayweather has now been deposed and it is the Plaintiff, Manny Pacquiao, who is resisting having his deposition taken this year. As such, this Court should decline to award fees until a "reasonable itemization" of counsel's time is submitted and able to be analyzed by Defendant. Should this Court award fees without such an itemization, this Court should award far less than the $93,000+ dollars requested.

## II. LEGAL ARGUMENT

### A. This Opposition is Timely Filed

On November 16, 2011, Pacquiao filed a notice of non-opposition to the motion for attorneys' fees, based upon Defendant Mayweather's alleged failure to timely respond. However, as Mr. Mayweather's opposition is timely filed, this Court should disregard the notice of non-opposition.

LV 419,578,631v1 11-16-11

The parties do not dispute that Mr. Pacquiao filed and served the motion for attorneys' fees on October 28, 2011. Mr. Mayweather had fourteen days to respond, making the response date November 11, 2011. However, November 11, 2011 was Veteran's day. Veteran's day is a legal holiday. *See* Fed. R. Civ. P. 6(a)(6). As such, pursuant to Rule 6(a)(1)(C), if the last day in the period is a legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C). Thus, the period expired on Monday, November 14, 2011. However, pursuant to Rule 6(d), three days are added after the period would otherwise expire under Rule 6(a). *See* Fed. R. Civ. P. 6(d). Three days from November 14 is November 17. As such, Mr. Mayweather has until November 17, 2011 to file his opposition, and the instant opposition is timely filed.

**B. This Court Should Deny the Motion for Fees for Failure to Comply With Local Rule 54-16.**

This Court should deny the motion for fees at this time for failure to comply with the "reasonable itemization" requirement of Local Rule 54-16. When this Court denied Plaintiff's motion for case terminating sanctions, this Court granted Plaintiffs' motion for certain attorneys' fees, directing Plaintiff to file a motion for fees in accordance with Local Rule 54-16. *See* Doc. No. 143. Local Rule 54-16 contains very specific requirements for such a motion. Specifically, it states that a motion for attorneys' fees must contain:

> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15;
> (3) A brief summary of:
>   (A) The results obtained and the amount involved;
>   (B) The time and labor required;
>   (C) The novelty and difficulty of the questions involved;
>   (D) The skill requisite to perform the legal service properly;
>   (E) The preclusion of other employment by the attorney due to acceptance of the case;
>   (F) The customary fee;
>   (G) Whether the fee is fixed or contingent;
>   (H) The time limitations imposed by the client or the circumstances;
>   (I) The experience, reputation, and ability of the attorney(s);
>   (J) The undesirability of the case, if any;
>   (K) The nature and length of the professional relationship with the client;
>   (L) Awards in similar cases

*See* Local Rule 54-16.

LV 419,578,631v1 11-16-11

Plaintiff acknowledges that Rule 54-16 applies here, but fails to outline each of these components, instead basing its motion upon the *Kerr* factors, which are "consistent" with Rule 54-16. *See* Motion at 3, citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Although inconvenient to unearth given the format of Plaintiff's motion, details addressing many of these 54-16 factors are buried in the motion. One major component, however - an itemization and description of the work performed - is simply not present.

As courts routinely deny motions for fees when such an itemization is not provided, this Court should deny Plaintiff's motion for fees until such time as an adequate itemization is provided and Defendant is able to evaluate this itemization. *See, e.g., Bryson v. Givens*, 2011 WL 93854, *3 (D.Nev. 2011) (denying motion for lack of itemization); *Hansen v. Nieves*, 2010 WL 3843775, *2 (D.Nev. 2010) (same); *see generally Comcast of Ill. X, LLC v. Jung Kwak*, 2010 WL 3781768 (D.Nev. 2010) (imposing overall reduction of 15% because "block billing" of all tasks for the day in one time entry made it impossible for the court to determine how much time was spent on each task.).

There are obvious reasons for the requirement of a reasonable itemization. Without an itemization, Defendants are unable to examine the tasks accomplished to determine whether (i) an unreasonable amount of time was spent on a particular task, or (ii) tasks performed by Mr. Marroso could have been performed by Mr. Whitman, or tasks performed by Mr. Whitman could have been performed by a paralegal or secretary.[1]

For example, Plaintiff's math does not add up. The motion alleges that the amount requested, $93,743.50, represents 196.9 hours of work, or an average rate of $477/hr. *See* Motion, at 5. The motion also alleges that time for local counsel and staff is not included in those figures, and that only time for one partner (Mr. Marroso), and one associate (Mr. Whitman), is requested. However, the affidavit of Mr. Marroso reveals that Mr. Marroso is billed out at $695/hr, and Mr. Whitman is billed out at $495/hr. It is impossible to determine how the "average" of two numbers

---

[1] Obviously, Mr. Mayweather acknowledges that this reasonable itemization may be redacted as appropriate to preserve work product and attorney-client privilege.

higher than $477/hr is equal to $477/hr. Perhaps there is a perfectly reasonable explanation for this seeming inconsistency; however, without a reasonable and adequate itemization of time, it is impossible for Defendants - or the Court - to effectively evaluate the claimed fees.

Likewise, a task that may be reasonable at $150/hr may be patently unreasonable at $495/hr. Pacquiao's motion states that "Pacquiao's attorneys" monitored Mr. Mayweather's social media sites, searched blogs for discussions of Mr. Mayweather's whereabouts, and reviewed news sources for reports of Mr. Mayweather's activities. *See* Motion, at 9. Even assuming that Mr. Marroso delegated such tasks to Mr. Whitman, billing a client $495/hr for such tasks - which do not require expertise in the law - is clearly excessive. Perhaps a lower rate of some type is used for such non-legal activities, however, Defendant cannot know based upon the information provided. Pacquiao alleges that "significant time" was spent on such tasks; without an itemization, it is impossible for Defendant to evaluate this seemingly unreasonable allocation of resources. As such, this Court should deny Plaintiff's motion until such time as a reasonable itemization is provided and Defendants have been able to review and respond to such itemization.[2]

## C. The Rates Requested by Counsel are Unreasonable in this District

It is well-settled in the Ninth Circuit that a reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community. *See Switch Communications Group LLC v. Ballard*, 2011 WL 5041231 (D.Nev. 2011), *citing Webb v. Ada County*, 285 F.3d 829, 840, n. 6 (9th Cir. 2002). Indeed, Plaintiff acknowledges that the appropriate measure of reasonableness of a fee is whether the fee is comparable rates in <u>this district</u>.[3] *See* Motion, at 4. "It is the burden of the fee applicant to produce satisfactory evidence, <u>in addition </u>to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing

---

[2] Defendants expressly reserve the right to file a sur-reply if Plaintiff files an itemization of fees and costs with his reply.

[3] There is an exception to this rule for certain situations where local counsel is effectively unavailable; however, Plaintiff does not contend that this exception applies here, and appears to agree that the relevant community in question is Las Vegas, Nevada. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

community rates for similar services." *See Comcast of Ill. X, LLC v. Jung Kwak*, 2010 WL 3781768 (D.Nev. 2010), *citing Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

A court may examine evidence provided by the parties, and also rely upon its own experience in the relevant legal market. *See GCM Air Group, LLC v. Chevron U.S.A., Inc.*, 2009 WL 1810743, *5 (D. Nev. 2009). "District courts have the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure to adjust fee awards." *Switch Communications Group LLC v. Ballard*, 2011 WL 5041231, *quoting Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir.1992) (internal quotations omitted).

Here, there is simply no argument - and certainly no evidence - that the requested rates are reasonable within this district. Plaintiff has requested rates of $695 for Mr. Marroso, who graduated from law school in 2000, and $495 for Mr. Whitman, who graduated from law school in 2008. Although Plaintiff was able to find a few bankruptcy cases in which hourly rates in the five or six hundred dollar range have been reimbursed, Plaintiff fails to find a single non-bankruptcy case in this district reimbursing rates anywhere close to the requested rates. It is telling that <u>even the cases cited by Plaintiff</u> reveal that a reasonable rate in this district is $350-$400 for experienced litigators.[4]

For example, Plaintiff cites *Wheeler v. Coss*, a case in which the court awarded fees of $350/hr for the work of two attorneys practicing law since 1986 and 1993, respectively. *See* 2010 WL 2628667 (D. Nev. 2010).[5] Other recent decisions confirm that the rates requested by Plaintiff are exorbitant in this district, and specifically within the Las Vegas legal community:

---

[4] For associates, that number is lower: "An hourly fee ranging between $250–$350 an hour is reasonable for experienced associates in the Las Vegas legal market." *See Incorp Services, Inc. v. Nevada Corporate Services, Inc.*, 2011 WL 3855462 (D.Nev. 2011). Even assuming for the sake of argument that Mr. Whitman, who graduated from law school in 2008, is an "experienced" associate, his billing rate of $495/hr is unreasonable.

[5] Even in a case that Plaintiff later cited out of the Southern District of New York - undoubtedly a district with some of the highest rates in the country - the rates are much lower. For example, in *Auscape*, the highest rate sought, which was for a partner at Latham & Watkins admitted to the bar in 1984, was $495/hr. *See Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400 (S.D.N.Y. 2003). At the time, that attorney had been practicing law for nineteen years - <u>eight years longer</u> than Mr. Marroso, and <u>sixteen years longer</u> than Mr. Whitman.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

| Hourly Rate | Years of Experience (approx.) | Case Citation |
|---|---|---|
| $250 | 30 | *Cashman v. Colorado Cas. Ins. Co.*, 2011 WL 2149606 (D. Nev. 2011) |
| $200-260<br>$295<br>$310<br>$350 | 4<br>5<br>6<br>8 | *Incorp Services, Inc. v. Nevada Corporate Services, Inc.*, 2011 WL 3855462 (D.Nev. 2011). |
| $325<br>$210 | 17<br>4 | *Switch Communications Group LLC v. Ballard*, 2011 WL 5041231 (D.Nev. 2011) |
| $295 | 19 | *Comcast of Ill. X, LLC v. Jung Kwak*, 2010 WL 3781768 (D.Nev. 2010) |
| $305<br>$230 | 25<br>4 | *GCM Air Group, LLC v. Chevron U.S.A., Inc.*, 2009 WL 1810743, *5 (D. Nev. 2009) |

Plaintiff has tellingly failed to list the hourly rates of Ms. Van Buren and Mr. Hone, local counsel on this matter - perhaps afraid that the O'Melveny rates would appear even more exorbitant when contrasted with local counsel. However, Greenberg Traurig - a respected international law firm - examined its own rates for a Las Vegas associate graduating in 2008 and a shareholder graduating in 2000. Greenberg Traurig bills the associate's time at $260/hr, and the shareholder's time at $445/hr. *See* Declaration of M. Tratos, attached hereto as **Exhibit 1**. The only billing rate in the office that begins to approach Mr. Marroso's $695/hr is for an attorney <u>with thirty years of experience</u>. *Id.* These rates provide additional evidence that Pacquiao's claimed rates are excessive in this district.

As shown above, Plaintiff's rates of $695 and $495 respectively simply are not reasonable in this district. As such, this Court should reduce these rates to rates appropriate in the Las Vegas legal community.

**D. The Number of Hours Claimed is Unreasonable.**

Pacquiao claims a total of 196.9 hours - the equivalent of five forty-hour weeks - were spent on the deposition and the motion for default and dismissal. This is absurd on its face. Such a claim makes clear that (1) Mr. Pacquiao seeks to be reimbursed for matters not contemplated by this Court's order, and (2) Mr. Pacquiao's attorney team has spent an unreasonable amount of time on the matters within the Court's order.

**1. Plaintiffs' Hour and Fee Requests are Overbroad, Encompassing Far More Than the Court Intended**

This Court's order provides that "[n]otwithstanding [the denial of case-dispositive sanctions], monetary sanctions related to the cost of the deposition, as well as attorney's fees relating to that deposition and the present motion are appropriate..." *See* Order, Doc. No. 143, at 3. At face value, that language appears to contemplate (i) the cost of the deposition, (ii) the attorneys' fees relating to the deposition, and (iii) the attorneys' fees relating to the motion for case-terminating sanctions.

Bizarrely, Pacquiao does not request the very fees that appear to be contemplated by the order - such as fees of local counsel in attending the missed deposition, or fees associated with preparation for the missed deposition - but instead requests fees completely outside the scope of the order. While Pacquiao claims that the exclusion of deposition preparation fees and fees of local counsel are just an effort to be "conservative," Pacquiao's true motivations are obvious. If Pacquiao were to reveal the limited number of hours - if any - spent in preparation for a deposition that counsel had been warned well in advance would not take place, the lack of prejudice would be obvious. If Pacquiao were to reveal local counsel's fees, the fees charged by Mr. Marroso and Mr. Whitman would appear exorbitant in comparison.

Instead, Pacquiao brushes aside this Court's instructions and creates his own interpretation of "relating," allowing him to include opposing the motion for protective order and the emergency appeal following the denial of the motion for protective order. This permits Pacquiao to seek an additional $14,460.50 in fees. However, inclusion of such fees is unjustified. These fees were not requested nor awarded pursuant to Rule 37(a)(5) following the denial of the motion and the appeal, and should not be awarded now.

LV 419,578,631v1 11-16-11

### 2. One Hundred Sixty Three Hours Spent on the Fifteen Page Motion for Sanctions and Related Papers is Unreasonable.

The one hundred and sixty three hours purportedly spent on the fifteen page motion for sanctions and related papers is incredible. Pacquiao argues that such an incredible number is "more than reasonable" given the length of time, amount of work and work product and results achieved for Pacquiao. *See* Motion at 10. This assertion is truly unbelievable and may border on bad faith.

Although there is "not a formula to determine the appropriate number of hours spent per page to draft a pleading or motion," at least one court in this district has applied the one-hour-per-page rule as a check on reasonableness. There, the Court found that 33.7 hours was reasonable for the "research, drafting, discussing, and editing" a 33 page opposition with a sixty-six page declaration and attachments. *See Grimsley v. Charles River Laboratories*, 2010 WL 4539383 (D.Nev. 2010). Pacquiao's motion was a scant fifteen pages, with a twelve page reply and a (questionably included) nine page opposition to the motion to strike Pacquiao's evidentiary objection document. This is a total of thirty-six pages. <u>Even doubling or tripling</u> the typical "one-hour-per-page" rule to account for the "extensive factual investigation" Pacquiao claims to have conducted,[6] Pacquiao comes nowhere close to a reasonable number of hours.

This is especially so where the motion for sanctions was - or should have been - extremely straightforward. *See Switch Communications*, 2011 WL 5041231, * 2-3 (spending $14,000 to draft the papers "in a rather routine discovery dispute" was "excessive" and "unreasonable" and reducing the award to $2,000). Federal Rule of Civil Procedure 37(b) governs sanctions for failure to obey a court order during discovery. Researching applicable case law on a well-known federal rule and applying the law to the facts of the case is not difficult. Indeed, there are a number of cases within the Ninth Circuit that apply Rule 37(b) to the failure to attend a deposition.

For example, in one recent case, a plaintiff moved for default judgment after the defendants failed to comply with discovery orders. *See Incorp Services, Inc. v. Nevada Corporate Services, Inc.*,

---

[6] Moreover, as noted above, this "extensive factual investigation" likely could have been completed by a paralegal or a (more) junior associate with lower rates. *See, e.g., Cashman v. Colorado Cas. Ins. Co.*, 2011 WL 2149606 (D. Nev. 2011) (refusing to order fees for tasks that did not involve the practice of law).

2011 WL 3855462, *1. The Court denied the motion for default judgment, instead opting to consider attorneys' fees and an adverse jury instruction. *Id*. The plaintiff moved for attorneys' fees, claiming 43 hours of attorney time for "meet and confer efforts, drafting the motion for sanctions and default, and preparation for and appearance at the June 9 hearing on the motion for sanctions and default." *Id*. at *2. However, the Court reduced this claimed amount to 33 hours and awarded $9,202.17 in fees and costs. *See Incorp Services, Inc. v. Nevada Corporate Services, Inc.*, 2011 WL 3855462, *2.

In contrast, here Plaintiff has claimed 163.5 hours for factual and legal research and drafting the motion and related papers. *See* Motion, at 10. Additionally, the claims of intense research are belied by Plaintiff's motion. The motion contains a mere <u>six pages of legal argument</u>, and makes only passing reference to the Ninth Circuit standard, spending about two pages discussing the five factors courts consider in making a determination as to the appropriateness of case-dispositive sanctions. Had Pacquiao actually completed significant research into the issue, Pacquiao would have likely determined that there was absolutely no precedent for the sanctions sought. Indeed, this Court <u>denied</u> Pacquiao's motion for case-dispositive sanctions, citing a lack of prejudice to Plaintiff. As such, this Court should drastically reduce Plaintiff's claim of 163.5 hours for the research and drafting of the motion and related papers.

### E. Plaintiff Could Have Avoided Most of the Fees By Showing Professional Courtesy

Finally, it should not be overlooked that Plaintiff could have avoided much of this with a little professional courtesy. By simply conferring with Defendant's counsel prior to setting the deposition, or by agreeing to the reasonable rescheduling of the deposition, nearly all of the fees potentially could have been avoided.

Immediately following the unilateral setting of the deposition, counsel for Defendant informed counsel for Plaintiff that Defendant Mayweather Jr. would not be available until after the September 17th fight, as counsel's schedule and Mr. Mayweather's training camp made a date prior to the fight impossible. Plaintiff continued to offer dates prior to the fight, and inexplicably refused to consider dates following the fight (despite months remaining before the close of discovery).

Plaintiff was informed that Defendant could not and would not appear on June 17th, yet went forward with the deposition.

After Mr. Mayweather failed to appear for his deposition, Pacquiao again refused to discuss dates following the September 17th boxing match, despite repeated requests from Defendant's counsel for an explanation regarding the urgency of the deposition. Defendant's counsel even offered to pay certain of Plaintiff's attorneys' fees and costs associated with the missed deposition and the future deposition, and offered to stipulate to an extension in discovery to make up for the delay. Plaintiff could have elected to accept that offer.

Instead, Plaintiff elected to spend 163.5 hours of time and client money to file a motion for default and dismissal. Plaintiff did so despite the knowledge that given the facts of the case - specifically the lack of prejudice to Plaintiff and the fact that this was Mr. Mayweather's only discovery misstep in the case thus far - the Ninth Circuit case law was unfavorable to his position.

Meanwhile, on September 15, counsel for Mr. Mayweather re-offered Mr. Mayweather for deposition on September 23 and other dates in September and October. Reinforcing the lack of prejudice to Mr. Pacquiao from any delay, counsel for Pacquiao declined. The motion for default and dismissal was denied on October 18, and the deposition was accomplished on November 10.

In light of the above, it is clear that Mr. Pacquiao could have avoided much of the time and resources expended by simply extending professional courtesy. As such, Defendant respectfully requests that this Court take into account Mr. Mayweather's good faith efforts to cooperate with Mr. Pacquiao in setting a date convenient for all parties when making the award of attorneys' fees.

**F. Mr. Mayweather's Deposition has been completed.**

Floyd Mayweather's deposition was taken on Thursday, November 10, 2011. Plaintiff's counsel deposed Mr. Mayweather for almost seven (7) hours. Mr. Mayweather answered the questions asked of him and was never instructed not to answer any question posed by Plaintiff's counsel. Discovery is now 2 ½ months from completion and it is the Plaintiff, Mr. Pacquiao, who is resisting taking his own deposition. His counsel has advised that he will not appear at the scheduled November 22, 2011 deposition in Las Vegas and has instead offered that his deposition can be taken either in the Philippines or via videoconference. *See* November 8, 2011 letter from Pacquiao's

1  counsel, David Marroso, attached as **Exhibit A** to the Declaration of Mark Tratos, attached hereto as
2  **Exhibit 1**. Counsel for the parties have conducted a meet and confer and are attempting to work out
3  a date for Mr. Pacquiao's deposition in Las Vegas but as of this date, no date has been offered and
4  no current deposition date has been agreed to.

5  **III. CONCLUSION**

6  In light of the foregoing, Mr. Mayweather respectfully requests that this Court order an
7  itemization of Pacquiao's attorneys' fees and suspend ruling until Defendant has had an opportunity
8  to respond to the itemized fees, or in the alternative that this Court drastically reduce the claimed
9  rates and hours, as they are patently unreasonable.

10  Dated this 16th day of November, 2011

12  GREENBERG TRAURIG, LLP

14  _____
15  Mark G. Tratos (Bar No. 1086)
    Thomas F. Kummer (Bar No. 1200)
    Laraine M.I. Burrell (Bar No. 8771)
16  3773 Howard Hughes Pkwy, Suite 400 North
    Las Vegas, NV  89169

17  Counsel for Defendants
18  Floyd Mayweather, Jr. and
    Mayweather Promotions LLC

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on November 16, 2011, service of the foregoing **DEFENDANT FLOYD MAYWEATHER, JR.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** was made this date through the Court's CM/ECF electronic filing system to:

Daniel Petrocelli
dpetrocelli@omm.com

David Marroso
Dmarroso@omm.com

Franchesca V. Van Buren
fvanburen@gordonsilver.com

Eric D. Hone
ehone@gordonsilver.com

Malcolm P. LaVergne
mlavergne@lavergnelaw.com

/s/ *signature*

An employee of Greenburg Traurig

LV 419,578,631v1 11-16-11

Mark G. Tratos (Bar No. 1086)
tratosm@gtlaw.com
Thomas F. Kummer (Bar No. 1200)
kummert@gtlaw.com
Laraine M. I. Burrell (Bar No. 8771)
burrelll@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Defendants Floyd
Mayweather Jr. and Mayweather Promotions*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMMANUEL PACQUIAO,<br><br>Plaintiff,<br><br>v.<br><br>FLOYD MAYWEATHER, JR., et al.,<br><br>Defendants. | Case No.: 2:09-CV-02448-LRH-RJJ<br><br><br><br>**DECLARATION OF MARK TRATOS** |

I, Mark G. Tratos, declare under the penalty of perjury under the laws of the United States that the facts contained herein are of my personal knowledge, and if called upon, I could and would competently testify to them.

1. I am an attorney duly licensed to practice law in the States of Nevada and California.

2. I am the co-managing shareholder of the Las Vegas office of Greenberg Traurig. As such, I have knowledge of the billing rates of my fellow shareholders and my associates.

3. My office currently employs an associate in the litigation group who graduated from law school in 2008. That attorney's time is billed at $260/hour.

4. An attorney who graduated from law school in 2000 is a shareholder in the litigation group at my office. That attorney's time is billed at $445/hr.

5. My office bills the time of one of the litigation shareholders at close to $695/hr. However, this shareholder has been practicing law for over thirty years.

1

6. Floyd Mayweather was deposed on November 10, 2011 and during the course of his deposition, answered the questions posted by the Plaintiff's counsel and was never instructed not to answer any question.

7. Manny Pacquiao's deposition was noticed for November 22, 2011. Plaintiff's counsel has advised, however, that he will not be appearing as he is returning to the Philippines. Plaintiff's counsel has suggested that the deposition be conducted in the Philippines or by video conference. Please see a true and correct copy of the November 8, 2011 letter from David Marroso to Mark Tratos and Malcolm LaVergne, attached as **Exhibit A** hereto.

8. Counsel for the parties conducted a meet and confer conference on November 15, 2011 and are currently attempting to find a date for Mr. Pacquiao's deposition in Nevada in January, 2012, but as yet, no specific date has been offered or agreed to by the parties.

Executed this 16th day of November, 2011 at Las Vegas, Nevada.


/s/ *Mark G. Tratos*
Mark G. Tratos

**EXHIBIT A**



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES
NEWPORT BEACH
NEW YORK

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

SAN FRANCISCO
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

November 8, 2011

OUR FILE NUMBER
869950-8

**VIA EMAIL**

WRITER'S DIRECT DIAL
(310) 246-8469

Malcolm P. LaVergne, Esq.
The LaVergne Law Group
1212 South Casino Center Boulevard
Las Vegas, Nevada 89104

WRITER'S E-MAIL ADDRESS
dmarroso@omm.com

Mark Tratos, Esq.
Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169

Re: *Pacquiao v. Mayweather, et al.*
Case No. 2:09-cv-02448 (USDC District of Nevada)

Counsel,

We write in response to your recent letters regarding deposition scheduling in this matter. We believe this covers all outstanding deposition issues.

1. *Floyd Mayweather, Jr.*

Based on our exchange of correspondence, we have made all arrangements to examine Mr. Mayweather, Jr. on Thursday, November 10, 2011, at the offices for Mr. Pacquiao's local counsel. At your request, we agreed to begin the deposition at 9:30 a.m.

2. *Freddie Roach and Alex Ariza*

Mr. Davidson, counsel for Mr. Roach and Mr. Ariza for the purpose of scheduling their depositions, informed us that he and Mr. Roach and Mr. Ariza are available for examination on November 21, 23, and 25. Given the holiday that week, our availability is limited. However, to the extent you would like to depose Mr. Roach and/or Mr. Ariza on November 21, we will adjust our personal and professional calendars to accommodate you. To facilitate examination(s) that day, we would be happy to host the depositions at O'Melveny's offices at 1999 Avenue of the Stars, 7th Fl, Los Angeles, CA 90067. If November 21 is not convenient, please suggest dates in

O'MELVENY & MYERS LLP
Mark Tratos, November 8, 2011 - Page 2

the final week of November and December. Needless to say, we reserve our right to object to any subpoena you may serve on Mr. Roach or Mr. Ariza.

    3.    *Manny Pacquiao*

In order to attend to his Congressional and other duties in his home country, Mr. Pacquiao is scheduled to return to the Philippines within a few days after his November 12 bout. Furthermore, we are required to be in New York most of the week of November 14 for hearings in another matter. Please let us know dates in December when you would like to depose Mr. Pacquiao in the Philippines. We will check his schedule and promptly respond. If you prefer, we can arrange for you to depose Mr. Pacquiao by videoconference pursuant to Fed. R. Civ. P. 30(b)(4).

    Very truly yours,

    */s/ David Marroso*

    David Marroso
    of O'MELVENY & MYERS