UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EMMANUEL PACQUIAO, a Philippines resident,

    Plaintiff,

v.

FLOYD MAYWEATHER, JR.; et al.,

    Defendants.

2:09-cv-2448-LRH-RJJ

ORDER

Before the court is plaintiff Emmanuel Pacquiao's ("Pacquiao") renewed motion for attorney's fees. Doc. #157.[1] Also before the court is Pacquiao's supplement to his renewed motion for attorney's fees. Doc. #226.

## I.   Facts and Background

Plaintiff Emmanuel Pacquiao ("Pacquiao") is a premier professional boxer from the Philippines. Defendant Floyd Mayweather, Jr. ("Mayweather") is also a premier professional boxer.

Beginning in September 2009, Pacquiao alleges that Mayweather stated publicly that he has used, and is using, performance enhancing drugs ("PEDs"), including steroids and human growth hormone ("HGH"). On December 30, 2009, Pacquiao filed a complaint in federal court for defamation.

---

[1] Refers to the court's docket number.

During discovery, Pacquiao scheduled Mayweather's deposition. Mayweather filed a motion for a protective order to preclude the deposition (Doc. #122) which was denied by the magistrate judge (Doc. #124) and affirmed by this court (Doc. #129). Despite the denial of his motion for a protective order, Mayweather failed to attend his scheduled deposition.

In response, Pacquiao filed a motion for sanctions under Rule 37 of the Federal Rules of Civil Procedure (Doc. #133) which was granted by the court (Doc. #143). In the court's order, the court found that monetary sanctions in the form of attorney's fees and costs relating to the missed deposition were appropriate in light of Mayweather's failure to comply with a court order. *See* Doc. #143.

In accordance with the court's order, Pacquiao filed an initial motion for attorney's fees (Doc. #144) which was denied by the court without prejudice for Pacquiao's failure to comply with LR 54-16 (Doc. #155). In response, Pacquiao filed the present renewed motion for attorney's fees. Doc. #157.

On August 8, 2012, the court held a hearing on the renewed motion for attorney's fees. Doc. #222. At the hearing the court made an initial finding that the lodestar rate requested in this action, along with the amount of hours billed, were reasonable in light of the nature of this action. *See* Doc. #225, Hearing Transcript, p.34:15-23 ("The fact is that the Court does find that this lodestar is reasonable under the circumstances of this type of litigation and between very preeminent stars within the boxing industry."); p.35:18-36:4 ("I do not think that the hours are excessive in this case. I don't feel that the billing practices are unreasonable. I think the extent of the work performed is what would be reasonably expected, not just between the parties, but also by the Court . . . ."). The court also granted Pacquiao leave to file a supplement to his motion for attorney's fees to include time spent preparing for, and attending, the hearing. Doc. #225, p.36:7-9. Thereafter, Pacquiao filed the present supplement to its motion for attorney's fees. Doc. #226.

///

## II. Discussion

Pacquiao has submitted a renewed motion for attorney's fees seeking $111,086.00 in accrued fees and $259.50 in costs associated with Mayweather's missed deposition. Doc. #157. The renewed motion is accompanied by a thorough breakdown of time including the individuals who provided the work, the nature of the work, and the amount of time spent on each item. *See* Doc. #158, Marroso Decl., Exhibit A. Pacquiao has also submitted, with the court's permission, a supplement to his renewed motion for attorney's fees seeking an additional $2,432.50 in attorney's fees and $514.60 in costs associated with the hearing before the court. Doc. #226.

In determining the reasonableness of a request for attorney's fees, a court considers several factors including: (1) the reputation and skill of counsel; (2) the financial terms of the client fee arrangement; (3) the nature and extent of work performed and results obtained; and (4) awards in similar cases. *See, e.g.,* LR 54-16(b)(3); *Resurrection Bay Conservation Alliance v. City of Seward Alaska*, 640 F. 3d 1087, 1095 (9th Cir. 2011).

In his motion, Pacquiao is seeking fees charged for work performed by O'Melveny & Myers LLP attorneys David Marroso ("Marroso") and Harrison Whitman ("Whitman"). Marroso is the partner in charge of the litigation and bills $695 an hour. Whitman is an associate who graduated from law school in 2008 and bills $495 an hour. In such an action as this, between two widely known professional athletes, the parties can reasonably be expected to retain nationally respected law firms and nationally respected attorneys to pursue their interests in the litigation. The results of such representation are going to be higher lodestars than normally seen in this district, but lodestars that are comparable to the amount and quality of work performed and expected to be performed. Therefore, the court finds that these billing rates, and the total requested lodestar of $505.84 per hour, are reasonable in this action based on the experience of the attorneys involved and the nature of this particular litigation between two professional athletes.

///

Further, the court notes that the award of attorney's fees in this matter is a sanction against Mayweather's obviously intentional decision not to appear for his court ordered deposition. This was a direct discovery violation after the court had entered a very clear order that the deposition go forward. As the court stated at the motion hearing, "the bottom line is that [the Court] is dealing with a defendant who failed to appear at his deposition and under circumstances, which the Court has already ruled, deserves sanctions. And sanctions could have been as serious as dismissal of the defense case." Doc. #225, Hearing Transcript, p.20:24-21:6. Therefore, the court finds that viewing the documents and pleadings on file in this matter, Pacquiao's request for attorney's fees is reasonable and the court's sanction appropriate under the circumstances.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees (Doc. #157) is GRANTED. The clerk of court shall enter an award of attorney's fees in favor of plaintiff Emmanuel Pacquiao and against defendant Floyd Mayweather, Jr. in the amount of $113,518.50. The clerk of court shall also enter an award of costs in favor of plaintiff Emmanuel Pacquiao and against defendant Floyd Mayweather, Jr. in the amount of $774.10.

DATED this 17th day of September, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE