1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                        * * *
                                           )
9    EMMANUEL PACQUIAO, a Philippines       )
     resident,                              )
10                                          )          2:09-cv-2448-LRH-RJJ
                       Plaintiff,           )
11                                          )
      v.                                    )          ORDER
12                                          )
     FLOYD MAYWEATHER, JR.; et al.,         )
13                                          )
                       Defendants.          )
14   _____    )

15        Before the court is plaintiff Emmanuel Pacquiao's ("Pacquiao") renewed motion for

16   attorney's fees. Doc. #157.[1] Also before the court is Pacquiao's supplement to his renewed motion

17   for attorney's fees. Doc. #226.

18   **I.      Facts and Background**

19        Plaintiff Emmanuel Pacquiao ("Pacquiao") is a premier professional boxer from the

20   Philippines. Defendant Floyd Mayweather, Jr. ("Mayweather") is also a premier professional boxer.

21        Beginning in September 2009, Pacquiao alleges that Mayweather stated publicly that he has

22   used, and is using, performance enhancing drugs ("PEDs"), including steroids and human growth

23   hormone ("HGH"). On December 30, 2009, Pacquiao filed a complaint in federal court for

24   defamation.

25

26
          _____

              [1] Refers to the court's docket number.

During discovery, Pacquiao scheduled Mayweather's deposition. Mayweather filed a motion for a protective order to preclude the deposition (Doc. #122) which was denied by the magistrate judge (Doc. #124) and affirmed by this court (Doc. #129). Despite the denial of his motion for a protective order, Mayweather failed to attend his scheduled deposition.

In response, Pacquiao filed a motion for sanctions under Rule 37 of the Federal Rules of Civil Procedure (Doc. #133) which was granted by the court (Doc. #143). In the court's order, the court found that monetary sanctions in the form of attorney's fees and costs relating to the missed deposition were appropriate in light of Mayweather's failure to comply with a court order. *See* Doc. #143.

In accordance with the court's order, Pacquiao filed an initial motion for attorney's fees (Doc. #144) which was denied by the court without prejudice for Pacquiao's failure to comply with LR 54-16 (Doc. #155). In response, Pacquiao filed the present renewed motion for attorney's fees. Doc. #157.

On August 8, 2012, the court held a hearing on the renewed motion for attorney's fees. Doc. #222. At the hearing the court made an initial finding that the lodestar rate requested in this action, along with the amount of hours billed, were reasonable in light of the nature of this action. *See* Doc. #225, Hearing Transcript, p.34:15-23 ("The fact is that the Court does find that this lodestar is reasonable under the circumstances of this type of litigation and between very preeminent stars within the boxing industry."); p.35:18-36:4 ("I do not think that the hours are excessive in this case. I don't feel that the billing practices are unreasonable. I think the extent of the work performed is what would be reasonably expected, not just between the parties, but also by the Court . . . ."). The court also granted Pacquiao leave to file a supplement to his motion for attorney's fees to include time spent preparing for, and attending, the hearing. Doc. #225, p.36:7-9. Thereafter, Pacquiao filed the present supplement to its motion for attorney's fees. Doc. #226.

///

2

1    **II.     Discussion**

2           Pacquiao has submitted a renewed motion for attorney's fees seeking $111,086.00 in

3    accrued fees and $259.50 in costs associated with Mayweather's missed deposition. Doc. #157. The

4    renewed motion is accompanied by a thorough breakdown of time including the individuals who

5    provided the work, the nature of the work, and the amount of time spent on each item. *See* Doc.

6    #158, Marroso Decl., Exhibit A. Pacquiao has also submitted, with the court's permission, a

7    supplement to his renewed motion for attorney's fees seeking an additional $2,432.50 in attorney's

8    fees and $514.60 in costs associated with the hearing before the court. Doc. #226.

9           In determining the reasonableness of a request for attorney's fees, a court considers several

10   factors including: (1) the reputation and skill of counsel; (2) the financial terms of the client fee

11   arrangement; (3) the nature and extent of work performed and results obtained; and (4) awards in

12   similar cases. *See, e.g.,* LR 54-16(b)(3); *Resurrection Bay Conservation Alliance v. City of Seward*

13   *Alaska*, 640 F. 3d 1087, 1095 (9th Cir. 2011).

14          In his motion, Pacquiao is seeking fees charged for work performed by O'Melveny & Myers

15   LLP attorneys David Marroso ("Marroso") and Harrison Whitman ("Whitman"). Marroso is the

16   partner in charge of the litigation and bills $695 an hour. Whitman is an associate who graduated

17   from law school in 2008 and bills $495 an hour. In such an action as this, between two widely

18   known professional athletes, the parties can reasonably be expected to retain nationally respected

19   law firms and nationally respected attorneys to pursue their interests in the litigation. The results of

20   such representation are going to be higher lodestars than normally seen in this district, but lodestars

21   that are comparable to the amount and quality of work performed and expected to be performed.

22   Therefore, the court finds that these billing rates, and the total requested lodestar of $505.84 per

23   hour, are reasonable in this action based on the experience of the attorneys involved and the nature

24   of this particular litigation between two professional athletes.

25   ///

26

1    Further, the court notes that the award of attorney's fees in this matter is a sanction against

2    Mayweather's obviously intentional decision not to appear for his court ordered deposition.

3    This was a direct discovery violation after the court had entered a very clear order that the

4    deposition go forward. As the court stated at the motion hearing, "the bottom line is that [the Court]

5    is dealing with a defendant who failed to appear at his deposition and under circumstances, which

6    the Court has already ruled, deserves sanctions. And sanctions could have been as serious as

7    dismissal of the defense case." Doc. #225, Hearing Transcript, p.20:24-21:6. Therefore, the court

8    finds that viewing the documents and pleadings on file in this matter, Pacquiao's request for

9    attorney's fees is reasonable and the court's sanction appropriate under the circumstances.

10

11    IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees (Doc. #157) is

12    GRANTED. The clerk of court shall enter an award of attorney's fees in favor of plaintiff

13    Emmanuel Pacquiao and against defendant Floyd Mayweather, Jr. in the amount of $113,518.50.

14    The clerk of court shall also enter an award of costs in favor of plaintiff Emmanuel Pacquiao and

15    against defendant Floyd Mayweather, Jr. in the amount of $774.10.

16    DATED this 17th day of September, 2012.

17

18

19    LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

4