# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMMANUEL PACQUIAO,<br><br>Plaintiff,<br><br>vs.<br><br>FLOYD MAYWEATHER, JR., FLOYD MAYWEATHER, SR., ROGER MAYWEATHER, MAYWEATHER PROMOTIONS LLC.<br><br>Defendants. | 2:09-cv-02448-LRH-RJJ<br><br>**ORDER**<br><br>Defendants' Motion to Compel Discovery and for Sanctions (#174) |

This matter comes before the Court on Defendants' Motion to Compel Discovery (#174) and Motion for Sanctions (#175).

## **BACKGROUND**

This is a defamation case between two prominent professional boxers. On December 30, 2009, Plaintiff Emmanuel Pacquiao ("Pacquiao") filed a complaint for defamation against Floyd Mayweather Jr. and others (collectively, the "Defendants") for statements indicating that Pacquiao had used performance-enhancing drugs (PEDs). On July 2, 2010, the Defendants filed their Answer and a Counterclaim (#80) against Pacquiao for defamation for allegedly accusing Mayweather, Jr. of using PED.

The instant motion to compel (#174) is seeking financial information from the Plaintiff. Specifically, the Defendants seek a court order that Pacquiao to produce: (1) his U.S. Federal and other tax returns; (2) receipts from his endorsement deals; (3) receipts from his boxing matches;

and (4) other financial records. In his Response (#186), Pacquiao states that the Defendants' requests fall into three categories of materials: (1) documents Pacquiao has already produced to the Defendants; (2) documents that do not exist; and (3) all of Pacquiao's financial statements and tax returns from 2008 forward without any limitation. Pacquiao argues that the Motion to Compel (#174) should be denied because his tax returns and other financial information, e.g. personal expenses, savings account information, etc., is "simply not relevant and highly private."

## DISCUSSION

**I.     Defendants' Motion to Compel Discovery(#174) and for Sanctions (#175)**

    A.     <u>Scope of Pacquiao's Claims</u>

The Defendants have requested discovery regarding essentially every area of Pacquiao's finances, even demanding that he produce complete copies of his checking and savings accounts. While Pacquiao admits that information related to his professional boxing career and the income generated therefrom is relevant, he argues that general financial information and information related to his overall income is not relevant to the case. The parties disagree as to the nature of Pacquiao's claims. The Defendants assert that Pacquiao's general financial state is central to his claim that the Defendants' defamatory statements have financially injured him. Pacquiao, on the other hand, maintains that his claim only pertains to "his ability to earn the highest levels of compensation," as it relates to his status as a professional boxer. Therefore, Pacquiao argues that only financial information that relates to his boxing career is relevant.

Pacquiao's First Amended Complaint (#13) states that "Pacquiao's ability to earn the highest level of purses, endorsements, and *other contracts* has been irreparably harmed and his unblemished reputation irreversibly tarnished." Amended Complaint (#13), at ¶ 47 (emphasis added). The Defendants argue that the inclusion of "other contracts" indicates that Pacquiao's damage claim extends into all sources of income. However, in the context of the entire Amended Complaint (#13) and the section regarding Pacquiao's damages, it is clear that Pacquiao's claim for damages is limited to the boxing context. Therefore, the Defendants' request for broad,

2

personal financial information, such as checking and savings accounts, and information regarding Pacquiao's overall income will be denied.

### B. Promotional & Bout Contracts

Pacquiao has produced all of his promotional boxing agreements since 2006 and all of his bout agreements since 2007. Pacquiao has also identified all monies received from his promoter for each of his 12 bouts from November 2006 to November 2011. However, the Defendants assert that this is insufficient. The Defendants argue that agreements between Pacquiao and the opposing fighters for each of his past bouts are necessary to "deduce relevant information regarding what monies were made and whether Pacquiao has suffered less favorable terms or a decrease in income due to the allegedly defamatory statements." Reply (#190) at 3. As Pacquiao has already disclosed his income from each of his bouts, it is unclear what relevant information the Defendants hope to obtain from these fighter agreements that has not already been disclosed. The request appears to be unnecessary and will be denied.

### C. Endorsement Contracts

Although Pacquiao has provided the Defendants with some of his endorsement contracts, the Response (#186) indicates that not all of these endorsement contracts were actually in his possession. By Pacquiao's own admission, these endorsement contracts, and the income from them, is central to his claim for damages. However, Pacquiao states that he has produced "all endorsement agreements he has been able to locate after a reasonable and diligent search." Barring evidence to the contrary, there is no reason to believe that Pacquiao has deceived the Defendants or misrepresented his efforts. The Court has no reason to doubt Pacquiao's efforts to obtain the endorsement contracts. The Defendants' request will be denied. The Court will allow the Defendants to inquire of the Plaintiff and third parties regarding the existence of other endorsement contracts that Pacquiao may not have located and produced.

### D. Tax Returns

As both parties have acknowledged, tax returns are generally discoverable only if the information is relevant and "not otherwise available." See e.g. *KeyBank Nat'l Ass'n v. Nielson*,

2011 WL 2036975, at *3 (D. Nev. 2011); *Taser Intern., Inc. v. Stinger Systems, Inc.*, 2010 WL 5070929 (D. Nev. 2010). That is not the case here. The Defendants are able to obtain the information through other means. The Defendants request for Pacquiao's tax returns will be denied.

E.   Sanctions

Although denied, the Court finds hat Defendants' Motion to Compel (#197) was substantially justified. Therefore, the reasonable cost, including attorneys' fees, will not be awarded as a sanction.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Compel Discovery'(#174) is **DENIED**.

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions (#175) is **DENIED.**

DATED this   21st   day of September, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge